# *MITCHELL DINNERSTEIN*

*Attorney at Law*

350 Broadway, Suite 700

New York, New York 10013

212-925-0793

(Fax) 212-625-3939

March 17, 2008

**By ECF (w/o attachments) and HAND DELIVERED**

Hon. Judge Denise Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: **UNITED STATES V. VICTOR PEREZ**
    Docket No. 07-CR-00564 (DLC)

Dear Judge Cote:

     I write on behalf of my client, Victor Perez, in advance of his sentencing, presently scheduled for March 21, 2008.  On December 11, 2007, Victor Perez pleaded guilty before the Honorable Magistrate Judge Theodore Katz to  Count 3 of the Indictment, a Money Laundering Count under Title 18 USC 1956(a)(1)(B)(i).  For the reasons stated below, I submit that an appropriate substance under the Stipulated Guideline Range of 37 months would be reasonable and just for this defendant.[1]  This is Mr. Perez's first contact with the Criminal Justice System.

     Victor Perez is presently 29 years old.  He was the only child born on February 13, 1979 to Orlando Perez and Luz Ortiz in Rio Pedras, Puerto Rico.  Even though his parents were divorced when he was two, he maintained a good relationship with both of his parents. He did live in his childhood with his mother and grandmother.  His father works as an English teacher.  His mother as a guidance counselor.  Both parents reside in Puerto Rico.

---

[1] Under the Plea Agreement in this case, the parties agreed not to seek any departures from the Stipulated Guideline Range of 37 to 46 months.  The parties though agreed to argue where under the Guideline Range the defendant should be sentenced in accordance with 18 USC § 3553(a).  (pp.2 and 3 of the Plea Agreement)

USA v. Victor Perez
Page 2

     I have no substantive issues[2] with the Probation report. I am writing to the Court to provide more specific details in Mr. Perez's life to aid the Court in understanding how the defendant got involved in the instant offense. These arguments attempt to address the necessary Court's sentencing considerations under 18 USC § 3553(a).

     Victor Perez was a student in Puerto Rico before coming to the United States in 2002. He first studied to make eyeglass lenses at the Colegio de Ciences Opticas in Puerto Rico and later took courses in Computer Sciences. He did not finish his school work. Instead, he went to work after beginning a relationship with Jillian Cooney. Ms. Cooney soon after becoming pregnant, left Victor for another man. Ms. Cooney left the child in her mother and Victor's mother's care. The child is still in their joint custody. Victor, believing that there would be more economic opportunity in the United States and clinically depressed over his break-up with Ms. Cooney, decided to come to the United States to seek employment.

     Victor did find employment in the United States. He first worked as a driver for Amcare, an agency that drove Senior Citizens for doctor appointments in Jersey City and then at a local factory called JFS, a subsidiary of US Intec. He also began a relationship with Maria Fernandez Enriguez. Victor felt that the jobs he had were poorly paid and unsatisfying and that with his inability to learn sufficient English that his economic opportunities would be better in Puerto Rico where he would also have his family support. So after about a year, he returned to Puerto Rico.

     Victor began working at Home Depot, another job he saw as a low level position. He was also making child support payments of $230 for his child born with Ms. Cooney. While at home, a neighbor of his mother, who he knew from childhood, offered him a job in the United States that sounded good. Toni Gonzales, an older man who grew up in the same apartment complex as Victor, offered him a job in Connecticut where he owned a company that sold automobiles from auctions. Victor's responsibilities would be drive the vehicles when purchased to Gonzales's company in West Hartford, Connecticut. The job would pay more money then he was earning in Puerto Rico and seemed like a good opportunity. Moreover, Victor came to learn that Maria Fernandez Enriguez was pregnant and he wanted to be with her in Jersey City.

     So Victor returned to Jersey City and took the job in Connecticut. He married Ms. Enriguez in February, 2005. Their child, Daniella, was born in April, 2005. While Mr. Gonzales did run an automobile auction business, he also was involved in a cocaine distribution business.

---

     [2] There is an error in the city where the defendant lived in New Jersey. It indicated that 239 Claremont Avenue is in Union City. (¶ 44,45) In fact, it is in Jersey City.

USA v. Victor Perez
Page 3

Victor was told that his job title would also include picking up money for Gonzales locally.[3] Obviously, the money was proceeds of the drug enterprise. Victor's job was to pick up the money in Massachusetts and the Tri-State area and take it to Gonzales. He did that. He also met the co-defendant Ismael Roque through Gonzales at the automobile auction business. Roque sought out Victor on November 10, 2006, the date of the instant offense.

Victor may have been particularly vulnerable by personality to the demands made by Gonzales and later the ones made by Roque. Victor presents as a meek, quiet man who acts much younger than his stated age. He is very close to his mother and grandmother and shows enormous sadness because of what he has put them through. The series of attached letters indicate the manner in which he is seen by his family. (Attached Exhibit A) He was asked to pick up money by Gonzales, which he did naively and had no other involvement with the drug business. Presumably, Gonzales knew Victor's temperament and that he would go along honestly with his directives to pick up the money without asking questions. Victor was unable to say "no" to stronger personality types. This experience has taught him that he must stand up for himself, do what he knows to be right and that he cannot simply go along with the demands of others.

It should also be noted that after Victor was released from jail on a secured bond posted by his mother and other family members in Puerto Rico, he began working for an electronics company in Jersey City as a driver. He has worked there until quite recently. He tries to satisfy his financial obligations to his two children. Victor has told me that he is well liked at work and that he believes that he could continue to work there after his release from prison. (Attached Exhibit B, pay stubs)

In conclusion for the above stated reason, the defendant requests that the court impose a sentence of 37 months.

Respectfully submitted,

Mitchell Dinnerstein

cc.: Brendan McGuire
     AUSA

     Ross N. Kapitansky
     United States Probation Officer

---

[3] Gonzales was murdered in Puerto Rico in September 2006.